**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JAMES FRANK NOEL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-00677-TWP-DML |
| | ) |
| INDIANA METRO POLICE DEPARTMENT, | ) |
| CITY OF INDIANAPOLIS, | ) |
| MARION COUNTY, | ) |
| STATE OF INDIANA, | ) |
| MYLA A. ELDRIDGE, | ) |
| AMY BARBAR, | ) |
| JOHN GREEN, | ) |
| KENNETH C. GREER, | ) |
| FRANKLIN D. WOOTEN, | ) |
| MICHELLE SHARPE, | ) |
| JEREMY JOHNSON, and | ) |
| DENISE A. ROBINSON, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PENDING MOTIONS, SCREENING**
**AMENDED COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court on a several pending Motions. *Pro se* Plaintiff James Frank Noel, Jr. ("Noel") has filed a Motion for Leave to File Amended Complaint (Filing No. 34), Motion for Permission of the Court to Accept Jurisdiction (Filing No. 30), Motion to Grant Statute (Filing No. 31), Motion to Grant Certificate of Appealability (Filing No. 32), Motion to Grant Jurisdiction to Review (Filing No. 33), and Motion Requesting Permission of the Court to Grant Proceedings (Filing No. 35). For reasons explained below, leave to file an Amended Complaint is **denied as moot** and the remaining motions are **denied**. As required, the Court has also screened the Amended Complaint.

I.      **Procedural Background**

Noel's civil action was commenced on March 21, 2022, when he filed a Complaint in the United States District Court for the Northern District of Indiana (Filing No. 1). On April 5, 2022, the case was transferred to this Court in the Southern District of Indiana (Filing No. 9; Filing No. 10). On April 13, 2022, Noel submitted partial payment of the filing fee, and on May 4, 2022, Noel paid the remaining portion of the filing fee (*see* Filing No. 15; Filing No. 27). Days after the case was transferred to this Court, Noel filed a motion for leave to amend the complaint, but he failed to submit a proposed amended complaint with the motion for leave (Filing No. 13). On May 10, 2022, the Court granted Noel's motion for leave to amend the complaint and directed him to file his amended complaint no later than June 30, 2022 (Filing No. 28). The Court also denied eight motions filed by Noel because they were "the improper procedural mechanism for the specific request, prematurely filed, or moot." *Id.* at 4.

In like manner, the Court now **DENIES** Noel's Motion for Permission of the Court to Accept Jurisdiction (Filing No. 30), Motion to Grant Statute (Filing No. 31), Motion to Grant Certificate of Appealability (Filing No. 32), Motion to Grant Jurisdiction to Review (Filing No. 33), and Motion Requesting Permission of the Court to Grant Proceedings (Filing No. 35) because they are the improper procedural mechanism for the specific request, prematurely filed, or moot. The Court **DENIES AS MOOT** Noel's Motion for Leave to File Amended Complaint (Filing No. 34) because the Court previously granted leave to Noel to file an amended complaint (*see* Filing No. 28). The Court accepts Noel's Amended Complaint tendered on June 20, 2022, at Filing No. 34-1 and deems the Amended Complaint filed as of that date. The Amended Complaint is now ripe for screening by the Court.

## II. <u>Screening</u>

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## III. <u>Plaintiff's Amended Complaint</u>

In his Amended Complaint, Noel identifies the following defendants: Indianapolis Metropolitan Police Department, Detective John Green, Officer Kenneth C. Greer, Officer Franklin Wooten, Marion County Clerk Myla A. Eldridge, Marion County Prosecutor's Office,

3

Deputy Prosecutor Michelle Sharpe, and Deputy Prosecutor Jeremy Johnson (collectively, "Defendants") (Filing No. 34-1). Noel states that he is bringing suit against the Defendants pursuant to 42 U.S.C. § 1983. His lawsuit concerns his arrest, prosecution, and conviction for attempted murder, which crime occurred in 2012. He asks for compensatory damages in the amount of $7,000,000.00 and punitive damages in the amount of $2,999,000.00. *Id.* at 15.

### IV.     Dismissal of Plaintiff's Amended Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Amended Complaint, it appears that this Court may not have jurisdiction to adjudicate Noel's claims. From his allegations, it is difficult to discern the actions taken by the specifically-named Defendants that would give rise to a recognized legal claim. Noel has included throughout his Amended Complaint labels of wrongful conviction, denial of due process of law, malicious prosecution, and false arrest, but he has not presented a cogent set of factual allegations that allows the Court to draw the reasonable inference that the specific Defendants are liable for the misconduct alleged. Because Noel has failed to state a claim upon which relief may be granted, the Amended Complaint is subject to dismissal for lack of jurisdiction.

The Court also notes that Noel previously has brought numerous lawsuits against these same Defendants based upon the same set of facts—his arrest, prosecution, and conviction for a 2012 attempted murder. *See Noel v. Green, et al.*, No. 1:19-cv-04824-JMS-MJD, Dkt. 10 (noting federal court does not have jurisdiction over defamation suit, dismissing and closing case on February 28, 2020); *Noel v. Green, et al.*, No. 1:20-cv-03245-SEB-TAB, Dkt. 5 (noting Noel's failure to state a claim with his allegations of libel and defamation, closing case on March 2, 2021); *Noel v. Greer and Wooten*, No. 1:14-cv-00370-WTL-MJD, Dkt. 74 (Officer Kenneth C. Greer and

Officer Franklin Wooten were sued by Noel in 2014 based on these same facts, summary judgment was entered in favor of Officers and against Noel, and the case was closed on January 5, 2016.). Because judgment was entered in favor of Officers Kenneth C. Greer and Franklin Wooten and against Noel based upon the same facts and claims, Noel cannot bring claims against Officers Kenneth C. Greer and Franklin Wooten.

Noel also includes in his Amended Complaint allegations concerning Judges Mark T. Rothenberg and Amy Barbar. However, as the Court already notified Noel, judges are entitled to absolute immunity for their judicial acts.

> The doctrine of judicial immunity has been embraced for centuries. It confers complete immunity from suit, not just a mere defense to liability . . . . If a judge errs through inadvertence or otherwise, a party's remedy is through appellate process. Judicial immunity extends to acts performed by the judge in the judge's judicial capacity.

*Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (internal citations and punctuation omitted). Thus, it is impermissible for Noel to pursue claims against Judges Mark T. Rothenberg and Amy Barbar.

### V.     Opportunity to Show Cause

Noel shall have through **Friday, July 29, 2022**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Noel elects to file a second amended complaint, he should conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the second amended complaint must include a demand for the relief sought; (c) the second amended complaint must identify what legal injury Noel claims to have suffered and what persons are responsible for each such legal injury; and (d) the second amended complaint must include the case number referenced in the caption of this Entry. The second amended complaint also should demonstrate that jurisdiction is proper in this Court. If Noel elects to file a second amended complaint, **it should not name** as defendants Kenneth C. Greer, Franklin Wooten, Mark T. Rothenberg, and Amy Barbar.

## CONCLUSION

The Court **DENIES AS MOOT** Noel's Motion for Leave to File Amended Complaint (Filing No. 34). Having screened the Amended Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Noel is granted leave to file a second amended complaint by no later than **Friday, July 29, 2022,** if doing so will not be futile. If no second amended complaint is filed by that date, this action will be dismissed for the reasons set forth above. Furthermore, the Court **DENIES** Noel's other pending Motions (Filing No. 30; Filing No. 31; Filing No. 32; Filing No. 33; Filing No. 35) because they are the improper procedural mechanism for the specific request, prematurely filed, or moot.

**SO ORDERED.**

Date: 7/1/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James Frank Noel, Jr.
Inmate No. 230645
Indiana State Prison Minimum Security Unit
201 Woodlawn Ave.
Michigan City, IN 46360